No. 17-0864 – *Edward Reed v. Exel Logistics, Inc.*

WALKER, J., dissenting.

**FILED**
**June 6, 2018**
**released at 3:00 p.m.**
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

West Virginia law limits a claimant's entitlement to temporary total disability (TTD) benefits for a single injury to 104 weeks of payments.[1] Mr. Reed received TTD benefits for 156 days after June 28, 2015, the 104-week statutory cut-off applicable to his claim. So, I would affirm the Board of Review's decision that Mr. Reed was not entitled to the TTD benefits he received following June 28, 2015, and that the amount of those benefits may be offset from his permanent partial disability (PPD) award and any future disability payments to which he may become entitled.

West Virginia Code § 23-4-6(c) (2017) states, in pertinent part that "no person may receive temporary total disability benefits under an award for a single injury for a period exceeding one hundred four weeks from the effective date of the amendment and reenactment of this section in the year two thousand three." This language unambiguously limits a claimant's entitlement to TTD benefits for a single injury to a period of 104 weeks. Here, Mr. Reed received TTD benefits for a period of time longer than that permitted by § 23-4-6(c). Thus, as the claims administrator and Board of Review properly concluded, Mr. Reed received TTD benefits to which he was never entitled, and he must now repay those benefits through an offset against his PPD award and any future

---

[1] West Virginia Code § 23-4-6(c) (2017).

disability awards pursuant to West Virginia Code of State Regulations § 85-1-12 (2009) ("Overpayments") and its particular limitations.

The majority's foray into West Virginia Code § 23-4-1c(h) (2017) is unnecessary. This Court has previously explained that "[t]he overpayment provisions of W.Va. Code, 23-4-1c, apply *only* where the Commissioner determines in a *W.Va.Code, 23-5-1, proceeding*, that the claimant was not lawfully entitled to the temporary total disability benefits *originally* by virtue of the fact that the claim did not *jurisdictionally qualify*."[2] Further emphasizing that an employer protest made pursuant to § 23-5-1 relates to a claimant's original entitlement to TTD benefits, we also explained that such a protest "has to be made within thirty days from receipt of the order awarding the benefits," and "is ordinarily made where the employer believes that the claimant was not injured in the course of and resulting from covered employment."[3] In sum, we made clear in *Mitchell* that the central purpose of a § 23-5-1 protest—that is, the predicate to the application of the overpayment procedures in § 23-4-1c(h)—"is to *initially* contest the claimant's right to any

---

[2] Syl. Pt. 4, *Mitchell v. State Workmen's Comp. Comm'r*, 163 W. Va. 107, 256 S.E.2d 1 (1979) (emphasis added).

[3] *Id*. at 123, 256 S.E.2d at 12. Other jurisdictional requirements recognized by *Mitchell* included the "timeliness of the filing under W.Va.Code, 23-4-15, or reapplication under W.Va.Code, 23-4-16, or whether the injury was 'self-inflicted' or caused by 'willful misconduct, willful disobedience to such rules and regulations . . .' under W.Va.Code, 23-4-2." *Butcher v. State Workers' Comp. Comm'r*, 173 W. Va. 306, 311 n.7, 315 S.E.2d 563, 568 n.7 (1983) (quoting *Mitchell*, 163 W.Va. at 123 n.11, 256 S.E.2d at 12 n.11).

disability benefits—that is, the claimant does not meet the various statutory prerequisites to entitle him to compensation."[4]

In this case, the claims administrator and the Board of Review did not declare an overpayment based on the conclusion that Mr. Reed was not *initially* entitled to TTD benefits because, for example, he did not sustain his injury in the course of and resulting from covered employment. Rather, they declared an overpayment because they concluded that Mr. Reed had received TTD benefits for 156 days beyond the 104-week statutory cut-off imposed by West Virginia Code § 23-4-6(c). Exhausting one's statutory entitlement to TTD benefits is different from failing to satisfy the jurisdictional requirements necessary to qualify for workers' compensation benefits, initially. Because the issue presented by the overpayment to Mr. Reed was the statutorily-required termination of TTD benefits pursuant to § 23-4-6(c), and not his initial entitlement to TTD benefits contested pursuant to § 23-5-1, the overpayment provisions of § 23-4-1c(h) are simply inapplicable to this matter.[5]

---

[4] *Id*. (emphasis added); *see also Butcher*, 173 W. Va. at 311–12, 315 S.E.2d at 569 ("However, when the hearings are completed, if the Commissioner finds that the claim did *not jurisdictionally qualify*, the claimant can be required to repay the benefits already received under W.Va.Code, 23-4-1c. This result obtains because the claimant has been found not to have lawfully qualified for the temporary total disability benefits initially since his claim did not jurisdictionally qualify . . . .") (emphasis added).

[5] *See* Syl. Pt. 4, *Mitchell*, 163 W. Va. at 107, 256 S.E.2d at 1.

Mr. Reed's appeal presents unfortunate circumstances. As the majority states, we do not know why the claims administrator continued Mr. Reed's TTD benefits beyond the 104-week cutoff. But, the claims administrator did and Mr. Reed received more TTD benefits than he should have, albeit through no fault of his own. These particular facts, however, do not create a license to discount either the 104-week limitation upon the availability of TTD benefits found in West Virginia Code § 23-4-6(c) or the limited circumstances to which the overpayment provisions of § 23-4-1c(h) apply. Furthermore, West Virginia Code of State Rules § 85-1-12—the overpayment regulation invoked by the Board's order—accounts for the majority's equitable concerns by subjecting only 30% of Mr. Reed's PPD award and the periodic amounts of certain, future benefits to offset.[6] Therefore, I would defer to the Board of Review's decision that any TTD benefits paid to Mr. Reed on or after June 28, 2015 are overpayments which must be offset from his PPD award and any future disability awards, and I respectfully dissent.

---

[6] *See* W. Va. C.S.R. § 85-1-12.3 (2009) ("Collection of overpayments from temporary total disability benefits, permanent total disability benefits, temporary total rehabilitation benefits and temporary partial rehabilitation benefits is limited to thirty percent (30%) of the periodic benefit amount (i.e. weekly, bi-weekly, monthly, etc.): *Provided*, That if the overpayment was based upon fraud, abuse or mistake, caused in whole or in part, by the claimant or his or her agent, then the amount of the overpayment may be recovered in full by withholding 100% of the periodic benefit amount until the overpayment is recaptured.").